UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHUBB & SON INC., *et al.*,

                       Plaintiffs,

    -against-

MICHAEL KELLEHER, *et al.*,

                       Defendants.
-----------------------------------------------------------------X
CHUBB & SON INC., *et al.*,

                       Plaintiffs,

    -against-

JAMES KELLEHER, *et al.*,

                       Defendants.
-----------------------------------------------------------------X

REPORT AND
<u>RECOMMENDATION</u>
92-CV-4484 (CBA) (RML)

95-CV-0951 (CBA) (RML)

LEVY, United States Magistrate Judge:

        By order dated February 8, 2007, the Honorable Carol Bagley Amon, United States District Judge, referred this case to me for a report and recommendation on claimant Alegra Rishty-Shweky's motion for annulment and cancellation of attachment of property. For the reasons stated below, I respectfully recommend that the claimant's motion be denied. I consequently further recommend that plaintiff's motion to execute its judgment on the property in question be granted.

## BACKGROUND AND FACTS

        On June 26, 2006, plaintiffs Chubb & Son Inc., Federal Insurance Company, Vigilant Insurance Company, and Sea Insurance Company of America (collectively, "Chubb") obtained a judgment against defendant Ezra Rishty ("Rishty") in the amount of $1,586,543.89.

(See Corrected Judgment, dated June 26, 2006.) Chubb also obtained an order of attachment allowing it to retain checks totaling $61,000 that it otherwise would have owed Rishty because of an insurance settlement arising out of a fire on Rishty's property in September 1995. (See Affidavit of William B. Pollard, III, Esq., sworn to Feb. 16, 2007 ("Pollard Aff."), ¶¶ 7-10, Exs. C, D, E.) Rishty's ex-wife, Alegra Rishty-Shweky ("Rishty-Shweky"), now asks the Court to cancel this attachment, thereby allowing her to receive the insurance funds. (See Certification of Claimant Alegra Rishty-Shweky, dated Jan. 29, 2007.) Chubb opposes that request and instead moves for leave to execute its judgment against those funds. (See Pl.'s Mem. of Law in Support of Their Motion to Execute Judgment on Attached Funds, dated Feb. 16, 2007.)

Only two facts are relevant for disposition of these motions. First, it is undisputed that Rishty-Shweky does not have a property interest in the attached funds, as she assigned her interest to either Rishty or Rishty's parents pursuant to her divorce settlement with Rishty.[1] (See Pollard Aff., Ex. H.) Second, no one else has asserted an adverse claim to the funds in question. (Id. ¶ 12.)

**DISCUSSION**

Rishty-Shweky's motion relies on N.Y. C.P.L.R. § 6221, which permits "any interested person" to request a proceeding for the purpose of "determin[ing] the rights of adverse claimants to the property . . . ." However, parties without an interest in the attached property, such as Rishty-Shweky, are not permitted to challenge the attachment. E.g. Bright View Trading

---

[1] It is not entirely clear whether Rishty or his parents ended up owning Rishty-Shweky's interest in the funds. However, all that matters for purposes of this motion is that Rishty-Shweky herself has no interest in the funds, as, according to her divorce settlement with Rishty, Rishty-Shweky assigned "all her right, title and interest in the insurance proceeds for all damage resulting from fire in September 1995" to Rishty "or his designee." (See Pollard Aff., Ex. H.)

Co. v. Park, No. 03 Civ. 2330, 2004 WL 1071976, at *6 (S.D.N.Y. Sept. 16, 2004) ("This remedy is available only to a third party that claims an ownership interest . . . ."); Desert Palace, Inc. v. Rozenbaum, 595 N.Y.S. 2d 768, 770 (1st Dep't 1993) ("Defendant's challenge . . . based upon vague allegations of possible interests in the seized funds by third persons is without merit since only the alleged third persons may assert such a claim by way of a special proceeding under CPLR 6221." (citation omitted)); Glaser v. Rosenberg, 291 N.Y.S.2d 204, 205 (1st Dep't 1968) ("The respondent could not challenge the attachment on the ground that title has been assigned to a third person."); Katz v. Liston, 254 N.Y.S.2d 389, 390 (1st Dep't 1964) ("Defendant . . . is not entitled to seek a vacatur of the attachment on the ground that title to the attached property is in third persons. . . . Such an attack may only be mounted by the third persons . . . ."). While the cited cases all concern defendants who were seeking to vacate attachments of property owned by third persons (as opposed to a third person seeking to vacate the attachment of property owned by a defendant, as here), the principle that decided the cases applies here: a person who does not own the property in question has no right to request cancellation of the attachment. Accordingly, Rishty-Shweky's application must be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that claimant Rishty-Shweky's motion be denied. As that leaves no remaining adverse claimants to the $61,000 in question, there is no reason to deny Chubb's request for leave to execute its judgment against those funds. Accordingly, I recommend that Chubb be permitted to so execute.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Amon and to my chambers, within ten (10) business

days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

          Respectfully submitted,

          /s/
          ROBERT M. LEVY
          United States Magistrate Judge

Dated: Brooklyn, New York
       June 25, 2007