UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHUBB & SON INC., *et al.*,

                  Plaintiffs,            REPORT AND
                                          RECOMMENDATION
   -against-
                                          92 CV 4484 (CBA) (RML)

MICHAEL J. KELLEHER, *et al.*,

                  Defendants.
----------------------------------------------------------X
CHUBB & SON INC., *et al.*,

                  Plaintiffs,

                                          95 CV 0951 (CBA) (RML)
   -against-

JAMES KELLEHER, *et al.*,

                  Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

       Defendant Marilyn Forem ("defendant" or "Forem") moves to dismiss the actions against her on grounds of inexcusable delay and failure to prosecute. By order dated December 10, 2007, the Honorable Carol Bagley Amon referred the motion to me. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND AND FACTS

       Plaintiffs Chubb & Son Inc., Federal Insurance Company, Vigilant Insurance Company, Sea Insurance Company of America and Great Northern Insurance Company ("plaintiffs" or "Chubb") brought these actions against numerous defendants, including Forem, alleging that they participated in the submission of fraudulent property insurance claims to Chubb in violation of the Racketeer and Influenced Corrupt Organizations Act ("RICO"), 18

U.S.C. §§ 1961, et seq. (2000) and state law.  (See Second Amended Complaint in 95 CV 0951, dated Mar. 24, 1995.)  Plaintiffs allege that the defendants defrauded Chubb by making material, false representations and that Chubb relied on those misrepresentations, thereby suffering damage.  (Id.)  Chubb commenced the first civil action, 92 CV 4484 (the "'92 Action"), in September 1992 and the related action, 95 CV 951 (the "'95 Action"), in March 1995.  Initially, there were more than 150 parties to these and 33 related federal, state and bankruptcy actions.

According to plaintiffs, Forem submitted three fraudulent claims for alleged damage to her home within a six-month period in 1985.  (See Third Amended Complaint in 92 CV 4484, dated Aug. 7, 1998 ("Third Amended Compl."), ¶ 329.)  The claimed losses related to alleged water, wind and fire damage, and Forem ultimately obtained a total of $114,075.58 on those claims, all of which were submitted through defendant Seymour Berson, a public adjuster.[1]  (Id. ¶¶ 330-33.)  Forem's deposition took place on April 26, 1999, and all discovery regarding Forem was completed in 2000.  Throughout this litigation, Forem has denied submitting fraudulent insurance claims.  In October 2001, the court denied plaintiffs' motion for summary judgment against Forem and three other defendants, finding disputed issues of fact.

In March 2006, Chubb attempted to discuss settlement with Forem's counsel, but the parties' discussions were unsuccessful.  In May and November 2006, Chubb's counsel wrote to the court to request, *inter alia*, that a trial date be set with respect to Forem.  (See Letter of

---

[1] On April 9, 1993, Berson pleaded guilty to three counts of mail fraud and one count of income tax evasion.  (Third Amended Compl. ¶ 147.)  In his deposition testimony in these civil actions, Berson testified that it was his standard operating procedure to inform homeowner insureds, including the defendant homeowners, that he had a standing agreement with certain claims representatives that enabled him to obtain payments for fraudulent claims, and that they could participate in the scheme if they would provide cash to bribe the claims representatives.  (Id. ¶ 152.)

William B. Pollard III, Esq., dated May 26, 2006; Letter of William B. Pollard III, Esq., dated Nov. 10, 2006.) By order dated November 17, 2006, Judge Amon set a January 8, 2007 trial date for Chubb's claims against Forem and the All American Poly Corp. defendants, both of whom submitted insurance claims through Berson and his company, Jack Duboff Associates, Inc. In response, Forem made the instant motion to dismiss for failure to prosecute, which was fully briefed as of March 27, 2007.[2]

Forem argues that Chubb has delayed unreasonably in pursuing its claims against her. Her attorney contends that, in the more than twenty-one years that have elapsed since Forem submitted her insurance claims, her memory of the events has faded and her capacity to defend herself has been compromised, as her financial resources have been depleted and "there is a substantial diminution in her abilities to comprehend and focus as contrasted to 5 or 10 years ago." (Supplemental Affirmation of Donald M. Sunshine, Esq., dated Feb. 19, 2007 ("Sunshine Aff."), ¶ 5.) Forem also maintains that her husband's death on September 8, 2000 deprived her of her "only witness." (Memorandum of Law in Support of Defendant Marilyn Forem's Motion to Dismiss Due to Failure to Prosecute, dated Feb. 19, 2007, at 3.)

Chubb, for its part, denies that it has delayed at all and argues that, from the inception of these cases, it has pursued its claims diligently and efficiently. It emphasizes the complex nature of these multi-defendant cases and describes, in significant detail, its efforts to address and resolve its claims against all of the defendants. (See Plaintiffs' Memorandum of Law in Opposition to Defendant Marilyn Forem's Motion to Dismiss, dated Mar. 21, 2007.)

---

[2] The All-American Poly Corp. defendants settled with Chubb after the trial date was set.

**DISCUSSION**

In considering a motion to dismiss for failure to prosecute, the court must examine five primary factors: (1) the duration of the plaintiff's delay; (2) whether the plaintiff received notice that further delays would result in a dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's calendar congestion and the plaintiff's due process rights; and (5) whether the court has addressed the appropriateness of lesser sanctions. See Shannon v. General Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). Dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks and citation omitted).

Turning to the first factor – the length of plaintiffs' delay – it is undisputed that more than fourteen years have passed since Chubb first filed the '92 case and more than twenty-one years have passed since Chubb's claims against Forem accrued. In addition, the court denied Chubb's motion for summary judgment over six years ago. Chubb did not actively pursue settlement or a trial with respect to the claims against Forem until 2006. As Chubb's counsel points out, however, in January 2002 Chubb moved for summary judgment against other defendants, Elegant Knitted Headwear and Julius Templer. In that motion, Chubb advanced a theory of liability that, if successful, might also have resolved the claims against Forem as a matter of law. (See Affidavit of William B. Pollard, III, Esq., sworn to Mar. 21, 2007 ("Pollard Aff."), ¶¶ 11, 12 and Ex. A.)[3] The court denied the motion in March 2003 without addressing

---

[3] Chubb's theory of liability was that it was induced to pay Elegant's claims based on fraudulent representations that the claim had been properly and fairly adjusted by its claim

(continued...)

that theory. It then denied Chubb's motion for reconsideration in March 2004. Two years passed before Chubb's counsel contacted Forem's counsel in March 2006 to discuss settlement. During that two-year period, Chubb actively pursued its claims against other defendants in this and other courts. (See id. ¶¶ 13 a-h.) One of those defendants was Claire Baruch, whose insurance claim had also been submitted through Berson and, according to Chubb, would likely have been tried with Forem's had it not settled.[4] (Id. ¶ 13 f.)

To be sure, during that two-year period, Chubb did little to advance its claims against Forem. And, over the years, Chubb has not always conducted this litigation with utmost expedience. On the other hand, the unwieldy nature of these cases has presented many challenges for plaintiffs' counsel as well as the court, which – due to its heavy docket – has unfortunately been responsible for some of the delays the parties have experienced. Certainly, Forem does not accuse plaintiffs of failing to comply with any applicable deadlines or court orders. Given that context, I cannot conclude that plaintiffs have been dilatory with respect to their claims against Forem.

The second factor – whether plaintiffs received prior warning that the case would be dismissed if they failed to prosecute it more actively – also weighs against dismissal here. While a warning is not necessarily a prerequisite to dismissal for a plaintiff represented by

---

[3](...continued)
representative and claims consultants, when in fact the public adjuster hired by the insured had bribed Chubb's claims adjuster and consultant to submit fraudulent reports. (See Pollard Aff. ¶ 12.)

[4] In September 2004, Claire Baruch sought to re-open discovery, and Chubb objected. The parties then engaged in settlement discussions, which resulted in a settlement in principle in late 2006, followed by an executed settlement agreement in February 2007. (Pollard Aff. ¶ 13 f.)

counsel, see Shad v. Slow Dancing Music, Inc., 190 F.R.D. 638, 639 (S.D.N.Y. 2000), it is undisputed that, prior to the filing of the instant motion, no court order or application of any party placed Chubb on notice that its conduct could constitute actionable delay.

As to the third factor – prejudice – it is undeniable that compelling Forem to defend herself at trial now will cause some hardship for her. With the passage of time, memories have no doubt weakened, Forem's husband has died, and Forem claims that her financial situation has deteriorated. (See Sunshine Aff. ¶¶ 3, 4.) On the other hand, Forem has not attempted to substantiate her lack of capacity to remember events; nor has she provided documentation concerning her finances. Indeed, defendant's submissions contain no affidavit from Forem herself, and her attorney's affidavit establishes only that Forem has been uncooperative with counsel. (See id. ¶¶ 2, 3, 6.) While the death of defendant's husband may have deprived her of moral support, Mr. Forem died on September 8, 2000, after the close of discovery and while Chubb's summary judgment motion was pending. (See id., Ex. A., Response to Interrogatory No. 31.) Forem made no effort to preserve his testimony during the discovery phase. Moreover, Forem herself was deposed at length in 1999, and she does not contend that the deposition was incomplete or otherwise failed to preserve any evidence or testimony she might offer. Nor does she point to any loss or destruction of any records or documents as a result of delays in these cases.[5] In short, Forem has not demonstrated prejudice.

---

[5] Forem does contend that "many" relevant documents were discarded before the lawsuit was commenced in 1992. (See Reply Memorandum of Law in Support of Defendant Marilyn Forem's Motion to Dismiss Due to Failure to Prosecute, dated Mar. 27, 2007, at 3.) However, she does not specify which documents were discarded or by whom, and at any rate, any such loss of documentation was not caused by any delays that may have occurred during the pendency of these cases.

The fourth factor – balancing the court's concern for congestion of its docket with plaintiffs' due process concerns – similarly does not weigh in favor of dismissal. Both the court and the parties desire the swift and fair administration of justice. While dismissing the claims against Forem would clear some docket congestion, the prejudice to plaintiffs would be significant. Plaintiffs have devoted considerable efforts to settling as many claims as possible, thereby obviating the need for numerous trials that would have placed an even greater burden on the court. Dismissing these claims would deprive plaintiffs of their day in court, with little corresponding benefit for the court calendar.

Finally, although defendant has not requested any sanction other than dismissal, the court must consider the appropriateness of lesser sanctions. The court sympathizes with Forem's frustration at the tortured pace of this litigation and shares her concern for due process. Considering the unusually time-consuming nature of these cases, however, I cannot conclude that Chubb's conduct is sanctionable. I therefore respectfully recommend that Forem's motion to dismiss be denied, and I decline to recommend lesser sanctions.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant Marilyn Forem's motion to dismiss for lack of prosecution be denied. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Amon and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), 6(a), 6(e).

Dated: Brooklyn, New York
      December 10, 2007

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge