UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHUBB & SON INC., et al.,

                   Plaintiffs,

       - against -

MICHAEL J. KELLEHER, et al.,

                   Defendants.
------------------------------------------------------X
CHUBB & SON INC., et al.,

                   Plaintiffs,

       - against -

JAMES KELLEHER, et al.,

                   Defendants.
------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

92 CV 4484 (CBA)

95 CV 0951 (CBA)

AMON, United States District Judge:

      On December 10, 2007, the Court referred this case to the Honorable Robert M. Levy, United States Magistrate Judge, for a Report and Recommendation on defendant Marilyn Forem's motion to dismiss the claims against her on the grounds of inexcusable delay and failure to prosecute. Judge Levy issued a Report and Recommendation on December 10, 2007, recommending that the motion be denied.

      Forem has filed timely objections with this Court. Accordingly, this Court reviews Judge Levy's report and recommendation de novo. See Fed. R. Civ. P. 72(b); The European Cmty. v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

      Forem's principal objection is that Judge Levy failed to address the Second Circuit's decision in Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37 (2d Cir. 1982), which Forem cited

1

in her briefs before Judge Levy. In that case, however, the plaintiffs were delinquent to far greater degree than the plaintiffs in this action. In Lyell Theatre, the plaintiffs took no action whatsoever to prosecute their claims for over two years. Id. at 39. After the district court attempted to revive the case through its own efforts, the plaintiffs repeatedly failed to comply with court-imposed deadlines and, on at least one occasion, failed to appear at a court-scheduled conference. Id. at 39-40. The plaintiffs were warned several times that inaction could result in dismissal of the case. Id. at 42. Finding that "[i]naction and lethargy [had become] the rule," the Second Circuit affirmed dismissal of the action in light of "the commitments not honored, delinquent inactivity, adjournments and delay over the seven year span during which this conduct persisted." Id. at 43. In this case, by contrast, plaintiffs have never missed a court-imposed deadline or failed to appear at scheduled conferences. Although plaintiffs took little action against Forem directly over a prolonged period, they have diligently attempted to bring this complex, multi-defendant litigation to its conclusion.

The other principal case on which Forem relies, Shad v. Slow Dancing Music, Inc., 190 F.R.D. 638 (S.D.N.Y. 2000), also involved egregious facts that are far removed from the circumstances of this motion. Although Shad involved only one plaintiff and one defendant, the plaintiff failed to take any steps whatsoever to prosecute the action for seven years. Id. at 639. The plaintiff presented only a "dubious" explanation for that delay. Id. In addition, there was evidence of actual prejudice to the defendant: a key witness had died and files had been destroyed by fire. Id. at 640. Dismissal in Shad, as in Lyell Theatre, was consistent with the principle that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys, Inc., 375 F.3d 248, 254 (2d Cir. 2004)

(internal quotation marks omitted).

In this case, even if prejudice should be presumed from the length of plaintiffs' delays, such presumption may be rebutted. See id. at 257. The facts in the record and the procedural history of this case belie Forem's claim of undue prejudice. As Judge Levy observed, Forem's own testimony has been preserved through her deposition, and there is no indication that any documentary evidence has been lost. Although Forem's husband unfortunately has passed away, his death took place while plaintiffs' summary judgment motion against Forem was pending, before any of the delays at issue on this motion.

In sum, the Court is not persuaded that this case presents such "extreme" circumstances that dismissal for failure to prosecute is appropriate. Judge Levy properly analyzed the factors set out by the Second Circuit to guide the district court's discretion on these motions. See, e.g., Shannon v. General Electric Co., 186 F.3d 186, 193-94 (2d Cir. 1999). Accordingly, the Court adopts Judge Levy's report and recommendation of December 10, 2007 as the opinion of the Court. Forem's motion to dismiss for failure to prosecute is denied.

SO ORDERED

Dated: Brooklyn, New York
      May 1, 2009

                                              Carol Bagley Amon
                                              United States District Judge